# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**MICHAEL DEAN CARROLL**                                                             **PLAINTIFF**

**V.**                                                                       **CIVIL ACTION NO.: 4:17CV144-RP**

**SUPERINTENDENT EARNEST LEE, ET AL.**                                  **DEFENDANTS**

## OPINION AND ORDER

On February 13, 2018, Michael Dean Carroll, an inmate in the custody of the Mississippi Department of Corrections ("MDOC") who is currently housed at the Central Mississippi Correctional Facility ("CMCF"), appeared before the Court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998) (citations omitted). The Prison Litigation Reform Act ("PLRA") applies to this case because the plaintiff was incarcerated when he filed this lawsuit.

### I. Plaintiff's Allegations & Parties to Suit

According to Carroll's complaint and subsequent *Spears* hearing testimony, he was working in the kitchen at the Mississippi State Penitentiary ("MSP") on April 15, 2016, when he was assaulted by inmate Stanley White. Carroll contends that the altercation in the kitchen was the second of the day between himself and White. Earlier the same day, he alleges, an unidentified correctional officer witnessed the two fighting and issued each a Rule Violation Report ("RVR"). Later, Carroll claims, he was stacking trays in the kitchen when White

approached him, called him a racist, and then struck him with a broom. Carroll alleges that he then struck White. As the two continued to fight, the broom broke across Carroll's arm. Carroll maintains that White used the broken broom handle to stab him in the finger, chest, and stomach before backup officers arrived and helped separate the two inmates.

According to Carroll, he received stitches in his hand, and the Criminal Investigation Division ("CID") photographed his injuries. Carroll claims that Captain Moffett later issued him an RVR for assault, as he accepted White's statement that Carroll was the instigator of the fight. Carroll contends that White did not receive an RVR, and that Captain Moffett told White that he "should have killed that white racist boy," meaning Carroll. Carroll was found guilty of the RVR, and his privileges were removed.

At his *Spears* hearing, Carroll stated that he and White got into one more "scuffle" after the fight in the kitchen, though the altercation did not result in an injury or in an RVR. Carroll claims that after the fight, staff members continued to put him and White in the same holding tanks, etc., for a period of time, despite the fact that they knew the pair had previously fought. Carroll stated, however, that he "red-tagged"[1] White after the kitchen incident and conceded that he has been kept separate from White since the red-tag was issued. Carroll is now housed at CMCF, and according to him, White is not housed at the same facility.

In October 2017, Carroll filed the instant suit against MDOC employees Superintendent Earnest Lee, Warden Timothy Morris, Captain Moffett, CID Rogers, and Deputy Warden Mills, alleging that they unfairly punished him and failed to protect him from harm.

---

1 "[T]he 'red-tag' process is a procedure that allows inmates who are intimidated or threatened by other inmates to separate themselves from those inmates." *Simpson v. Epps,* No. 5:10CV15-MTP, 2010 WL 3724546, at *4 n.8 (S.D. Miss. Sept. 15, 2010).

2

## II. Unavailable Relief

In his complaint, Carroll requests as relief that the Court order Defendants to move him away from MSP and/or separate him from White. However, Carroll is no longer at MSP, and White is not housed at the facility where Carroll is currently located. Therefore, these requests are moot. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding transfer from unit rendered prisoner=s claims for declaratory and injunctive relief moot).

## III. Failure to Protect

Carroll claims that Defendants are liable for failing to protect him from harm at the hands of White. At his *Spears* hearing, Carroll stated that after his fight with White in the prison kitchen, he wrote Superintendent Earnest Lee, Warden Timothy Morris, CID Rogers, and Deputy Warden Mills and requested that he either be put in protective custody or moved to another section of the prison. According to Carroll, each Defendant refused his requests.

Under the Eighth Amendment, prison officials have a duty to protect inmates from violence by other inmates and to take reasonable measures to protect their safety. *Farmer v. Brennan*, 511 U.S. 825, 832-33(1994). Liability attaches to an officer's failure to protect an inmate only where the inmate demonstrates that he was "incarcerated under conditions posing a substantial risk of serious harm and that the prison officials acted with deliberate indifference to the inmate's safety." *Id*. at 834; *Johnson v. Johnson*, 385 F.3d 503, 524 (5th Cir. 2004). "Deliberate indifference" means that a prison official is liable only where he knows that the inmate faces a substantial risk of serious harm and disregards the risk. *Id*. at 837 (quotation marks omitted). Because of the subjective component necessary to establish failure-to-protect liability, an officer cannot be deliberately indifferent when an inmate is a victim of an unforeseeable attack. *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002). Therefore, neither

negligence nor dereliction of duty can be the basis of a failure-to-protect claim. *See Adames v. Perez*, 331 F.3d 508, 514 (5th Cir. 2003); *see also Daniels v. Williams*, 474 U.S. 327 (1986) (holding negligence does not state §1983 cause of action).

Here, Carroll concedes that he never had any altercation with White prior to the day the two fought in the prison kitchen, and he stated at his *Spears* hearing that one unidentified correctional officer was the only staff member who was aware of his fight with White earlier the same day. Additionally, Carroll admits that once White was properly red-tagged, he was kept separate from White. Therefore, by Carroll's own testimony, none of the named Defendants had any knowledge, or reason to know, prior to April 15, 2016, that Carroll was at risk of serious harm by being housed near White. Defendants cannot be held constitutionally liable for a failure to protect Carroll from injury based on an after-the-fact knowledge of the fight between the two men, and none of the injuries Carroll received as a result of the kitchen fight can be legally attributed to Defendants. Accordingly, Carroll has failed to state a constitutionally cognizable failure-to-protect claim against any named Defendant.[2]

### IV. Harassment

Carroll claims in his complaint that Captain Moffett harassed and taunted him after his altercation in the kitchen with White, stating that White should have killed Carroll. These allegations do not state a constitutional claim, as verbal harassment and/or abuse is not cognizable in a § 1983 action. *See McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (finding that regardless of how antagonistic or threatening certain words may appear, it is clear

---

2  The Court otherwise notes that the allegation of a "scuffle" between Carroll and White at some point after the kitchen altercation did not result in any injury, and therefore, cannot be a basis for relief in this action. *See, e.g.*, 42 U.S.C. § 1997e(e) (requiring a showing of physical injury to sustain a claim for mental or emotional injury); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

that mere words do not state a constitutional claim). Therefore, Captain Moffett should be dismissed from this action.

## V. Due Process Claims

Liberally construed, Carroll's complaint raises a claim that his due process rights were denied when he was issued an RVR and punished for the kitchen fight between himself and White, as White, the alleged instigator, did not receive similar treatment.

In order to establish a due process violation, a prisoner must establish that he has been denied a protected interest by the challenged prison action. *Richardson v. Joslin*, 501 F.3d 415, 418 (5th Cir. 2007). Generally, protected liberty interests are "limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless impose[] [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted). These protected "interests are generally limited to ... regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir.1997).

An inmate may possess certain due process rights with regard to a disciplinary hearing itself. *See, generally, Wolff v. McDonnell*, 418 U.S. 539 (1974). An inmate does not, however, have a constitutional right to be free from being charged with a disciplinary infraction, even if the report of the offense is untrue. *See, e.g., Brown v. LeBlanc*, No. 09-1477-P, 2013 WL 1947180, at *6 (W.D. La. Mar. 27, 2013), *report and recommendation adopted*, No. 09-1477-P, 2013 WL 1947175 (W.D. La. May 9, 2013) (collecting cases). In this case, Carroll was charged with a disciplinary offense and found guilty of the offense. Therefore, the fact that Carroll's

version of events was not accepted by officials, or that White was not punished, does not state a claim for the denial of due process.

Additionally, to the extent that Carroll claims that the punishment he received after being found guilty of the assault RVR denied him due process, the Court finds that such an allegation likewise fails to state a claim. A loss of privileges pursuant to disciplinary action does not implicate the due process clause. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim; *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (concluding that imposing thirty days of commissary and cell restrictions as punishment constitutes mere changes in the conditions of a prisoners confinement and do not implicate due process concerns).

## VI.  Conclusion

For the reasons as set forth above, the Court finds that Carroll's allegations fail to state a claim upon which relief may be granted. Defendants Earnest Lee, Timothy Morris, Captain Moffett, CID Rogers, and Deputy Warden Mills are entitled to be dismissed from this action. The Court additionally finds that Carroll's requests for injunctive relief are moot. Accordingly, this action is **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this the 20th day of February, 2018.

                                   /s/ Roy Percy
                                   **UNITED STATES MAGISTRATE JUDGE**